HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: vhaberbush@lbinsolvency.com

Attorneys for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

| | |
|---|---|
| In re | Case No.: 2:24-bk-18868-SK |
| EVELYN PASCUAL, | Chapter: 11 |
| Debtor and Debtor-in-Possession. | **STIPULATION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE**<br><br>[NO HEARING REQUIRED] |
| _____ | |

TO THE HONORABLE SANDRA R. KLEIN, AND ALL INTERESTED PARTIES:

This stipulation is entered into between Irene Melendez, creditor in the above-captioned bankruptcy case ("Creditor"), and Evelyn Pascual, debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor") (Debtor, collectively with Creditor, the "Parties"), through undersigned counsel, with regard to the following:

A.   On October 29, 2024, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating the above-captioned bankruptcy

- 1 -

**STIPULATION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE**

case. Creditor filed Proof of Claim No. 2 on November 25, 2024 (the "Claim"). The Claim resulted from comprehensive litigation in the Superior Court of California, County of Los Angeles, in the wrongful death matter entitled *Melendez v. Cortinas*, Case No. 18STCV00081 (the "Lawsuit"). The Lawsuit resulted in a jury verdict and ultimately a judgment in favor of Creditor and against Debtor (the "Judgment"). By virtue of the Judgment, Creditor took actions to record the Judgment against Debtor's various real properties.

B.    Debtor's schedules disclosed various interests in real property and business entities. The schedules disclosed that the Judgment was recorded as a lien against the various real properties.

C.    The deadline to file an adversary complaint to determine the dischargeability of Debtor's debts is January 24, 2025.

D.    Creditor is investigating whether to object to the dischargeability of the Judgment Debtor's discharge on a variety of grounds, one of which is the Judgment may be non-dischargeable as willful and malicious injury under 11 U.S.C. § 523(a)(6). However, because Debtor has a variety of assets and the Judgment is recorded against Debtor's various real properties such that the claim of Creditor likely will be paid in full through the plan process, the Parties believe that a complaint for non-dischargeability may not be necessary and is premature at this time. Further, the Creditor and Debtor are in the early stages of negotiations regarding the proposed sales of the properties and a proposed plan of reorganization. The Parties believe that litigation regarding the nondischargeability of the underlying Judgment or any other matter would not benefit any of the Parties at this time since it would unnecessarily increase attorneys' fees and would not promote judicial economy. In the event the Creditor's Claim is not paid or negotiations do not succeed, a nondischargeability complaint may be appropriate.

- 2 -

**STIPULATION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE**

E.     Given these facts, the Parties seek to continue the deadline to file an adversary seeking a determination of the nondischargeability of debt pursuant to 11 U.S.C. § 523 as to Creditor. The Parties may seek to continue this deadline further in the future to avoid unnecessary litigation and expense.

WHEREFORE, the Parties agree and STIPULATE as follows:

1.     The deadline for the Creditor to file an adversary complaint seeking a determination of the nondischargeability of debt pursuant to 11 U.S.C. § 523 shall be extended through and including July 24, 2025 ("Extended Deadline.")

2.     The Extended Deadline shall be applicable only to the Creditor and no other party.

3.     This Stipulation is without prejudice to any further extensions of the deadline to object to the discharge to be made by further motion or stipulation.

Dated: January 22, 2025          WEST COAST TRIAL LAWYERS, APLC

By: _____
H. DEAN AYNECHI, ESQ., Attorney for
Creditor, Irene Melendez

Dated: January 22, 2025          HABERBUSH, LLP

By: /s/ Vanessa M. Haberbush
VANESSA M. HABERBUSH,
Attorneys for Debtor and Debtor-in-
Possession, Evelyn Pascual

- 3 -

**STIPULATION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*):  **STIPULATION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 22, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **David R Haberbush**    dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Vanessa M Haberbush**    vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Linh Nguyen**    docs@collectco.org
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **January 22, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

H. Dean Aynechi
West Coast Trial Lawyers, APLC
1147 South Hope Street
Los Angeles, CA 90015

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 22, 2025 | Alexander S. Bostic | /s/ Alexander S. Bostic |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**