| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HABERBUSH LLP<br>David R. Haberbush, Esq., SBN 107190<br>Vanessa M. Haberbush, Esq., SBN 287044<br>444 W. Ocean Blvd., Suite 1400<br>Long Beach, CA 90802<br>Tel. 562-435-3456<br>Fax: 562-435-6335<br>Email: vhaberbush@lbinsolvency.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtor and Debtor-in-Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br>Evelyn Pascual,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:24-bk-18868-VZ<br>CHAPTER: 11 |
|---|---|
| | **DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS**<br><br>[11 U.S.C. §§ 1123, 1125] |
| | ☒ Initial Disclosure Statement and Plan<br>☐ 1st Amended Disclosure Statement and Plan<br>☐<br><br>For information on court hearings,<br>see the separately filed notice(s) of hearing. |

The Debtor is an individual(s) with primarily consumer debts who filed a chapter 11 bankruptcy case to treat claims through a plan of reorganization. 11 U.S.C. § 1125 requires the Debtor to disclose adequate information about a plan before the Debtor can solicit votes on that plan. To avoid confusion and contradiction, the Debtor filed the document you are reading as a combined "Disclosure Statement and Plan of Reorganization" ("**DS and Plan**").

**PLAN**. Sections VII – IX of the DS and Plan constitute the plan of reorganization (the "**Plan**"), and contains all information required by 11 U.S.C. § 1123, including the proposed treatment of claims and the effects of confirming the Plan. **If the court confirms the Plan, the terms will be binding on the Debtor and on claimants treated by the Plan.**

**DISCLOSURE STATEMENT**. Sections I – VI and X of the DS and Plan constitute the disclosure statement (the "**DS**"), The DS meets the standard for adequate information set forth in 11 U.S.C. § 1125(a). **The information disclosed is for explanatory purposes only and is as accurate as possible.**

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

---

### NOTE ABOUT CITATIONS

**"Chapter, section and §" references** are to 11 U.S.C. §§ 101-1532 of the Bankruptcy Code.

**"FRBP" references** are to the Federal Rules of Bankruptcy Procedure.

**"LBR" references** are to the Local Bankruptcy Rules for the Central District of California.

**"Motion" references** mean that a motion is properly filed, served, and ruled on by the court.

---

## TABLE OF CONTENTS

| | | DISCLOSURE STATEMENT | Page |
|---|---|---|---|
| I. | | Type of Plan of Reorganization; Important Dates | 3 |
| II. | | Background Information about the Debtor | 3 |
| III. | | Legal Standards and Definitions: Claims, Voting, Objecting to Confirmation | 4 |
| IV. | | Liquidation Analysis | 6 |
| V. | | Non-Income Sources to Fund the Plan | 7 |
| VI. | | Financial Feasibility, Risk Factors, Tax Consequences | 8 |
| | | **PLAN OF REORGANIZATION** | |
| VII. | | Plan Provisions: Treatment of Claims | 12 |
| | A. | Post-Petition Domestic Support Obligation: Pay Before Plan is Confirmed | 12 |
| | B. | Executory Contracts and Unexpired Leases | 12 |
| | C. | Unsecured Claims: Administrative Expenses, Taxes | 13 |
| | D | CLASS # 1: Unsecured Claims: Pre-Petition Domestic Support Obligations | 14 |
| | E. | CLASS # 2: Unsecured Claims: Nominal and General | 15 |
| | F. | CLASS # 3 and # 4: Secured Claims: Debtor's Primary Residence | 16 |
| | G. | CLASS # 5 and # 6: Secured Claims: Other Property | 19 |
| | | Additional Claims (if any) Not Identified in Sections VII.A - VII.G | EXH F, G, etc. |
| VIII. | | Unclaimed or Undeliverable Plan Distributions | 27 |
| IX. | | Discharge | 27 |
| X. | | **EXHIBITS AND DECLARATIONS** | 27 |
| | | **Mandatory Exhibits** | |
| | | Declaration of Debtor | EXH A |
| | | List of all Claims | EXH B |
| | | List of all Property and Valuation of Property as of Confirmation Date | EXH C |
| | | Projected Income, Expenses and Payments by Month/Quarter | EXH D |
| | | **Optional Exhibits** | |
| | | Declarations of Other Persons | EXH E |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

## I.   TYPE OF PLAN OF REORGANIZATION;  IMPORTANT DATES

Payments and treatments under the Plan have a starting date ("**Effective Date**"), a period of time after the Effective Date to continue payments ("**Plan Term**"), and a final payment date.

| Plan Type | Effective Date | Plan Term | Final Payment Date |
|---|---|---|---|
| ☐ Operating<br>☒ Liquidating | ☐ 14 days after order confirming Plan<br>☒ Other date: 9-30-2026 | Payment in full on the Effective Date | *October 31, 2026* |

## II.   BACKGROUND INFORMATION ABOUT THE DEBTOR

### A.   FACTORS THAT LED TO FILING THIS BANKRUPTCY CASE. (*Describe briefly*):

Debtor filed this bankruptcy due to the collection efforts of one of her creditors, Irene Melendez, in her individual capacity, as heir and successor-in-interest to Timothy John Cortinas and as personal representative of the Estate of Timothy John Cortinas ("Melendez"). Melendez filed a lawsuit for wrongful death against Debtor and one her entities, Holy Family Children's Care, Inc., for wrongful death, commencing *Irene Melendez v. Pascual, et al.*, styled case number 18STCV00081 (the "Lawsuit"). The Lawsuit was brought against Debtor and her entity, along with several other parties. This resulted in a judgment against Debtor and Holy Family Children's Care, Inc. entered on July 28, 2022 (the "Judgment"). Judgment was entered in favor of Melendez and against Debtor in the sum of $188,275 and punitive damages in the sum of $1,480,000 for a total of $1,668,275, and damages were also awarded against Holy Family Children's Care, Inc. (wholly owned by Debtor) in the sum of $625,000 and punitive damages of $3,220,000 for a total of $3,845,000. When Melendez became aggressive in collection efforts and sought to enforce the Judgment by way of sheriff sales of the Debtor's real properties, relief under Chapter 11 was sought in order to allow Debtor to make reasonable business decisions with respect to the orderly liquidation of assets so as to maximize their value and accomplish satisfaction of the Judgment and payment to Debtor's creditors.

### B.   ACTIONS TAKEN TO SOLVE FINANCIAL PROBLEMS. The Debtor filed this case on (*date*) **October 29, 2024**, which is called the "Petition Date".

| Actions Taken Before Petition Date: | Actions Taken After Petition Date: |
|---|---|
| Prior to the Petition Date, Debtor was able to sell one of her real properties but the equity available paid very little to Melendez. Due to the magnitude of the Judgment, Debtor had little or no ability to take action to resolve the Judgment. Because abstract of judgments had been recorded against Debtor's real properties, she was unable to arrange for orderly sales of the properties in a manner that would be satisfactory to Melendez. | On November 26, 2025, Debtor and Melendez entered into a settlement agreement whereby Melendez agreed to accept the total sum of $1,200,000 in full satisfaction of her claims against Debtor provided that such payment be made on or before October 31, 2026. Further, Melendez would release her claims against Holy Family Children's Care, Inc. for a payment of $275,000 from Debtor. Therefore, Debtor's total liability to Melendez would be satisfied upon payment of $1,475,000. Additionally, Debtor agreed that to the extent full satisfaction was not made of the settlement amount by the agreed-upon date, any unpaid amount would be nondischargeable. The settlement agreement was approved by this Court pursuant to Federal Bankruptcy Rule of Procedure 9019 in an order entered on or about January 8, 2026.<br><br>Debtor also took actions to sell her residence, real property located at 351 Spur Trail Avenue, |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| | Walnut, CA 91789, which was approved by an order of the Court entered on or about April 30, 2026. The sale price was $1,150,000. The funds from the sale will be paid to creditors as disclosed herein. |
| --- | --- |
| | Debtor is also taking actions to sell her real property located at 19244 East Elberland Street, West Covina, CA 91792 and the business operated out of it, San Gabriel Valley Children's Care, Inc., dba G&E Care Home, which will be used to fund this Plan. |

### C.  PROJECTED FINANCIAL PERFORMANCE AFTER PLAN CONFIRMATION. (*Describe briefly*)

Because the Plan provides for a liquidation of some, but not all, of Debtor's property to fund a 100% plan, the financial performance of Debtor's business operations are not material nor relevant to performance of the Plan.

## III. DEFINITIONS AND PRELIMINARY INFORMATION

### A.  CLAIMS AND CLAIMANTS

1. Claim [§ 102(2)]. "Claim" refers to all obligations of the Debtor or against property of the Debtor.  Claims treated under the Plan are included whether the claim arose before or after the bankruptcy case was filed, and whether or not an obligation involves a cash payment.

2. Claimant. A claimant refers to any party treated under the Plan, even if the party did not file a proof of claim.

### B.  ALLOWED, DISALLOWED, AND DISPUTED CLAIMS

1. Allowed Claims. A claim is allowed if it is (a) timely and properly scheduled or filed, and not objected to; or (b) objected to, and was settled by the parties or otherwise determined by a court order.  **Allowed claims are provided for in the Plan in the relevant category or class.**

2. Disallowed Claims. A claim is disallowed if it was timely objected to by the Debtor, and the court made a ruling that the claim is disallowed in part or entirely.  **Disallowed claims are not treated under the Plan.**

3. Disputed Claims. A claim is disputed if a ruling on allowance has not been made, and (a) a proof of claim has been filed or deemed filed and the Debtor or a party in interest has filed an objection; or (b) a proof of claim has not been filed and the Debtor scheduled such claim as disputed, contingent, unliquidated or unknown.

   a. Deadlines for the Claims Objection Process.  (1) File proof of claims: January 31, 2025; and (2) File objections to claims: N/A and/or hold a hearing on objections to claims: April 30, 2026.[1]

   b. Objections to Claims.    ☐ Debtor does not anticipate objecting to any other claims; or
      ☒ The objection process is pending, or will begin, for the following claims:

---

[1]     This deadline was extended as to the proof of claim numbers 6 and 9 filed by Michael L. Cohen, a Professional Law Corporation from April 30, 2026 to June 30, 2026.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| Claimant | Proof of Claim # | Amount of Claim | Basis of Objection to Claim |
|---|---|---|---|
| Michael L. Cohen, a Professional Law Corporation | 9 (and 6) | $19,670.00 | Claimant was not retained by Debtor for the services allegedly performed. |
| | | $ | |
| | | $ | |
| | | $ | |

    c.   Delayed Distribution on Disputed Claims; Settlement: No distribution will be made on a claim's disputed portion unless allowed by a final non-appealable order.  FRBP 9019 authorizes the Debtor to settle disputed claims with court approval; but, court approval is not required if a proposed settlement does not exceed $1,000.  The Debtor is required to reserve funds to pay the amount claimants would receive if the claim is allowed in full (unless the court approves a different amount).  To the extent a disputed claim is disallowed, (a) the funds that had been reserved for such claims will be distributed as provided in the Plan to other creditors of the same class (or as ordered by the court); or  (b) if this box is checked ☐ then such funds will be distributed to the Debtor.

**C.**  **POTENTIAL § 1111(b) ELECTIONS**.  § 1111(b) allows a partially secured claim to be treated as fully secured under certain conditions, notwithstanding § 506(a).  Claimants should consult their attorney to evaluate if a § 1111(b) election is available and is in their best interest, and to identify the deadline for making an election.

**D.**  **VOTING BY BALLOT; FILING OBJECTION TO CONFIRMATION OF PLAN**.

   1.  **Introduction**. "Voting" to accept or reject the Plan is different from "objecting" to confirmation of the Plan.

     a.  **What does voting mean**?  Voting means a claimant submits a ballot to the Debtor.  Ballots are counted so the court can determine claims and classes of claims which accept proposed claim treatment, and classes of claims which reject the proposed treatment.  Whether each class "accepts" or "rejects" treatment is only one factor the court must consider to determine whether to grant the Debtor's request to confirm the Plan.

     b.  **What does "objecting to confirmation" mean**?  Objecting to confirmation means a party files and serves a document that explains their objection.  The Debtor must satisfy many requirements for the court to confirm the Plan, and any factor may be a problem the Debtor has not solved before the hearing on Plan confirmation.  For example, a claimant may object because the Debtor placed their claim in a category or class that is not entitled to vote, and the claimant believes the claim is subject to voting.  Other parties may object because they think the Plan is not feasible, or that the Debtor has not submitted sufficient evidence to support financial projections, or has included a term in the Plan that violates the Bankruptcy Code.

     c.  **Notice of Deadlines for Voting and Objecting**. The Debtor will file and serve 2 notices:  (1) Notice of Hearing on Adequacy of Disclosure Statement ("**Notice of DS Hearing**"); and Notice of Dates Related to Confirmation of Plan and Deadlines to (A) Submit Ballot; (B) File Preliminary Objection to Confirmation of Plan; and (C) File Response to Motion to Confirm Plan ("**Notice of Deadlines Related to Confirmation**").

   2.  **Voting by Ballot.**

     **a.**  **Who may vote** (§ 1124).  Look for your claim to see if the Debtor believes you are entitled to vote.

      **(1) Not Entitled to Vote.** The Bankruptcy Code treats many claimants as having accepted the Plan without a vote because the Plan treats the claim exactly as required by the Bankruptcy Code.  The Bankruptcy Code also treats claimants as having rejected the Plan without a vote if (a) the claimant is to receive no distribution under the Plan; (b) an objection has been filed to that claimants' claim and the objection has not been resolved prior to filing the Plan; or (c) Debtor scheduled a claim as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**(2) Entitled To Vote**. Claimants are entitled to vote when their <u>claim is impaired</u>, i.e. the Plan alters the contractual, legal or equitable rights of the claimant. <u>In addition</u>, a creditor whose claim has either been objected to or has been scheduled by the Debtor as contingent, disputed, unliquidated, or unknown, or who has not filed a proof of claim, and who wants to vote, must file a motion to have its claim allowed for voting purposes in time for that motion to be heard before the hearing on confirmation of the Plan.

b. <u>Effect of vote</u>. The Plan can be confirmed if (i) it is accepted by each impaired class because a majority in number and at least two-thirds in dollar amount of the claimants in that class who timely voted to accept the Plan; or (ii) it is subject to cram down because it was accepted by at least one impaired class exclusive of insiders (as defined by §101(31)) and the court determines the Plan is "fair and equitable" (as defined by §1129(b)) to all rejecting classes of creditors, and it meets all other criteria required for confirmation).

c. <u>How to vote</u>. A ballot will accompany the Notice of Deadlines Related to Confirmation. A voting claimant must follow the instructions set forth in the Notice of Deadlines Related to Confirmation. A claimant whose claim is allowed as partly secured and partly unsecured is entitled to vote in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

3. <u>Filing an Objection to Confirmation of the Plan</u>

a. <u>Who may object</u>. Any claimant or other party in interest may object to confirmation of the Plan.

b. <u>How to object</u>. Follow the instructions set forth in the Notice of Deadlines Related to Confirmation.

c. <u>Effect of objection</u>. The court will consider all objections that are timely and properly filed and served. If the objection has merit, it may result in the court denying the Debtor's request to confirm the Plan.

## IV. <u>LIQUIDATION ANALYSIS</u>

A. <u>RECOVERY ON GENERAL UNSECURED CLAIMS IN A CHAPTER 7 CASE vs. UNDER THE PLAN</u>.
For claimants who hold general unsecured claims, a factor to help them determine whether to vote to accept or reject a plan is to compare the amount the claimant would receive in a chapter 7 bankruptcy case instead of the amount proposed in the Plan. The following table illustrates the comparative payouts in terms of the percentage of the amount of a general unsecured claim that would be paid in a chapter 7 case vs. paid under the Plan.

| 1. CALCULATION OF ESTIMATED PERCENT RECOVERY IN A CHAPTER 7 CASE | |
|---|---|
| **(a) Net Liquidation value of Debtor's assets in a Chapter 7 case:** See Exhibit C for a list of all property of the bankruptcy estate, valuations, and valuation methods: | |
| (1) Total value of the Debtor's assets: $5,974,470 | |
| (2) Total dollar amount that must be subtracted from the total asset value before paying general unsecured claims: | |
| A. Liens: $3,770,087.78    D. Taxes: $600,000<br><br>B. Sale costs: $53,500    E. Exemptions: $47,646.31    **TOTAL of A-F**<br><br>C. Fees:    $0    F. Other:    $0    $4,518,880.40 | |
| (3) Net liquidation value of assets:    **(a)(1) minus (a)(2) =** | **$1,455,589.60** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*    Page 6    **VZ CH11.IND.DISCLSR.PLAN**

| | |
|---|---|
| **(b) Expenses to be paid before paying general unsecured claims.**<br><br>(1) <u>Trustee's Fees</u>: Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>    * 25% on the first $5,000 of all moneys disbursed = $1250<br>    * 10% on any amount over $5,000 but less than $50,000 = $4500,<br>    * 5% on any amount over $50,000 but not in excess of $1 million = $47,500,<br>    * 3% on all amounts over $1 million) = $179,234.10<br><br>(2) <u>Administrative Expense Claims</u>: = **$250,000**<br><br>(3) <u>Tax Claims</u>: = **$179,409.79**<br><br>(4) <u>Other Unsecured Claims to be Paid Before General Unsecured Claims</u>: = $0<br><br>**TOTAL DOLLAR AMOUNT OF (b) (1) + (2) + (3) + (4)  =** | **$661,893.89** |
| **(c) Dollar Amount Available for General Unsecured Claims: (a) minus (b) = $793,695.71** | |
| **(d) Dollar Amount of General Unsecured Claims**: = $157,623.16 | |
| **(e) % Chapter 7 recovery on general unsecured claims:** [ (c) divided by (d) ] x 100% **=** | 100% |

| | |
|---|---|
| **2.  CALCULATION OF PROPOSED PERCENT RECOVERY UNDER THE PLAN** | |
| **(a) Dollar Amount Proposed to Pay General Unsecured Claims: $157,623.16** | |
| **(b) Dollar Amount of General Unsecured Claims**: $157,623.16 | |
| **(c) % Chapter 11 payout on general unsecured claims:** [ (b) divided by (a) ] x 100% **=** | **100%** |

## V. **NON-INCOME SOURCES TO FUND PLAN**.  See Exhibit D for income and other contributions that will fund the Plan (Combined Monthly Income).  If additional funding sources (non-income) are needed, see below:

**A.  Loan or Line of Credit:**  ☒ None  ☐ Loans or Lines of Credit are as follows:

| | NAME OF LENDER | CONTRIBUTION TYPE | TERM | INT RATE | PROCEEDS |
|---|---|---|---|---|---|
| (1) | | ☐ Loan ☐ Credit Line | | % | $ |
| (2) | | ☐ Loan ☐ Credit Line | | % | $ |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*　　　　　　　　　　　　Page 7　　　　　　　　　　　　**VZ CH11.IND.DISCLSR.PLAN**

B. **Sales of Property**:          ☐ None        ☒ Property is planned to be sold as follows:

| PROPERTY DESCRIPTION: See sections VII.A-G to identify properties listed below from **CLASS #3 - #6**. A sale motion is required (FRBP 6004 and LBR 6004-1). | PROPOSED SALE DATE | PROPOSED SALE PRICE | PROCEEDS TO FUND THE PLAN |
|---|---|---|---|
| (1) ☒ Residence (CLASS #3 or #4) | 6-10-26 | **$1,150,000** | **$1,150,000** |
| (2) ☒ Property in CLASS #5, #6, #7, or #8: **Check only ONE**: <br> ☒ 5a  ☐ 5b  ☐ 5c  ☐ 5d  ☐ 5e <br> ☐ 6a  ☐ 6b  ☐ 6c  ☐ 6d  ☐ 6e | 10-31-26 | **$850,000** | $850,000 |
| (3) ☐ Property in CLASS #5 or #6: **Check only ONE**: <br> ☐ 5a  ☐ 5b  ☐ 5c  ☐ 5d  ☐ 5e <br> ☐ 6a  ☐ 6b  ☐ 6c  ☐ 6d  ☐ 6e | | | |
| (4) Debtor's 100% interest in San Gabriel Valley Children's Care, Inc. | 10-31-26 | **$950,000** | $950,000 |
| | | | |

C. **Adversary Proceedings**:          ☒ None[2]        ☐ Adversary proceedings are as follows:

| ADVERSARY PROCEEDING DESCRIPTION: FRBP 7001 and LBR 7004-1 require a summons/complaint. | DATE FILED OR TO BE FILED | ADV. PROC. NUMBER | ANTICIPATED RECOVERY |
|---|---|---|---|
| (1) | | | $ |
| (2) | | | $ |

## VI. FINANCIAL FEASIBILITY OF THE PLAN. The court must find that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization, unless that is proposed in the Plan.

A. **Payments Before Plan Confirmation**. This section demonstrates the Plan is feasible before confirmation.

| **Domestic Support Obligation Due After Petition Date** (Section VII.A.) **= $** N/A | |
|---|---|
| **Source of Funds:** | |

B. **Payments on the Effective Date**. This section demonstrates the Plan is feasible on the Effective Date.

---

[2]     Debtor had an adversary proceeding pending against her, styled case number 2:25-ap-01322-VZ, to determine the debt owed to Melendez to be nondischargeable. That adversary proceeding has been resolved through the settlement between Melendez and Debtor, and judgment was entered in the adversary proceeding on or about February 9, 2026.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| (1) CLAIMS AND EXPENSES TO BE PAID ON THE EFFECTIVE DATE | AMOUNT |
|---|---|
| **Cure Payments: Executory Contracts, Unexpired Leases:** Section VII.B.2. | **$0.00** |
| **Administrative claims + Statutory Costs/Charges**: Section VII.C.1. +court costs | $100,000 |
| **1st Payment: Domestic Support Obligation Due Before Petition Date**: Section VII.D. | $0 |
| **Nominal Unsecured Claims:** Section VII.E.1. | **$0** |
| **First Payments: General Unsecured Claims:** Section VII.E.2. | $157,623.16 |
| **Arrearages + First Payments: Secured Claims**: Sections VII.F. – VII.G. | **$1,953,176.60** |
| **TOTAL TO BE PAID ON THE EFFECTIVE DATE:** | $2,210,799.76 |

| (2) SOURCE OF FUNDS ON THE EFFECTIVE DATE | AMOUNT |
|---|---|
| **Cash on Hand:** | $100,000 |
| **Contribution of Family Member <u>NOT</u> listed in Schedule J, Line 11:** <br> ☐ Name (*identify*):          ☐ Gift   ☐ Loan | $0 |
| **Loan or Line of Credit**: Described above in: ☐ V.A.(1)   ☐ V.A.(2) | $0 |
| **Sale of Property**: Described above in: ☒ V.B.(1)   ☒ V.B.(2)   ☒ V.B.(3)   ☐ V.B.(4) <br> ☐ V.B.(5) ☐ V.B.(6`) | $2,950,000 |
| **Adversary Proceeding Recovery**: Described above in: ☐ V.C.(1)   ☐ V.C.(2) | $0 |
| **Other Sources**: ☐ (*identify*): | **$0** |
| **TOTAL FUNDS AVAILABLE ON THE EFFECTIVE DATE**: | $3,050,000 |

| (3) CASH AVAILABLE AFTER PAYMENTS MADE ON THE EFFECTIVE DATE: | **$839,200.24** |
|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                     Page 9                                     **VZ CH11.IND.DISCLSR.PLAN**

**C. Payments During the Plan Term**. This section demonstrates the Plan is feasible during the Plan Term.[3]

| (1)  REGULAR EXPENSES AND INCOME DURING THE PLAN TERM | Monthly | Total of Plan Term |
|---|---|---|
| **Regular Expenses:** Amount is from Schedule J, Line 22c and is for all expenses, including ongoing payments on secured claims that are also listed below in sections VII.F – VII.G. | | $34,100.12 |
| **Combined Monthly Income:** Schedule I, Line 12 | | $51,146 |
| **NET INCOME DURING PLAN TERM:** Schedule J, Line 23c | $17,045.88 | $17,045.88 |

| (2)  OTHER PAYMENTS TO BE MADE DURING THE PLAN TERM | Monthly | Plan Term |
|---|---|---|
| **Arrearages on Impaired Secured Claims**: Sections VII.F. – VII.G. | **N/A** | **N/A** |
| **Balloon Payments:**  Sections VII.F. – VII.G. | | **$1,852,122.25** |
| **Unsecured Claims** <br> * **Administrative Expenses:**  Section VII.C.1. | **N/A** | $100,000 |
| * **Unsecured Claims: Taxes, Other:**  Sections VII.C.2 and VII.D | **N/A** | $179,409.79 |
| * **Unsecured Claims: General:** Section VII.E.2. | **N/A** | $248,188.66 |
| **TOTAL OF OTHER PAYMENTS MADE DURING THE PLAN TERM** | **N/A** | **$2,379,720.70** |

| (3)  SOURCE OF FUNDS FOR OTHER PAYMENTS DURING THE PLAN TERM | AMOUNT |
|---|---|
| **Cash After Payments Made on Effective Date:**  From Section VI.B.(3) | **$839,200.24** |
| **Net Income During Plan Term:** It is possible this is a negative amount.  See above, section VI.C.(1), last line in the table, amount under "Plan Term". | N/A |
| **Contribution of Family Member NOT listed in Schedule I Line 11:** <br> ☐ Name (*identify*):          ☐ Gift   ☐ Loan | N/A |
| **Loan or Line of Credit**:  Described above in: ☐ V.A.(1)   ☐ V.A.(2) | N/A |
| **Sale of Property**: Described above in: ☐ V.B.(1)   ☐ V.B.(2)   ☐ V.B.(3) | N/A |
| **Adversary Proceeding Recovery**: Described above in: ☐ V.C.(1)   ☐ V.C.(2) | N/A |
| **Other Source**: ☐ (*identify*): | N/A |
| **TOTAL FUNDS FOR OTHER PAYMENTS DURING THE PLAN TERM** | **$839,200.24** |

---

[3]       Because Debtor is proposing a Plan that provides payment in full to all creditors on the Effective Date, Debtor does not provide monthly payments in this section.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**D.** **Explanation of Risk Factors and Potential Fluctuations When Implementing the Plan**.

| RISK FACTOR | EXPLANATION OF RISK AND FLUCTUATIONS |
|---|---|
| ☐ Employment/Business<br>☒ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment | Debtor may not be able to sell real property assets for the prices or within the time frames provided for in the Plan. There is a risk that in order to sell the properties price reductions might have to occur. As for the Debtor's business interests, it may take longer to sell them than anticipated, and Debtor may not have sufficient funds to fully meet the obligations due on the Effective Date. |
| ☐ Employment/Business<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment | |
| ☐ Employment/Business<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment | |
| ☐ Employment/Business<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment | |
| ☐ Other: | |

**E.** **TAX CONSEQUENCES OF THE PLAN**.

1.  <u>To the Debtor</u>**:**  Tax consequences to the Debtor are: Estimated capital gains taxes of $300,000.

2.  <u>To Claimants</u>:  Claimants should consult their advisors regarding potential tax effects of the Plan; nevertheless:

    ☐ Debtor believes tax consequences to claimants are:

    ☒ Debtor is not certain of tax consequences, because: Debtor is not aware of the individual tax position of each of its creditors such as tax credits, loss carryforwards, and the like.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

## VII. <u>PLAN PROVISIONS: TREATMENT OF CLAIMS</u>

**A.** <u>**DOMESTIC SUPPORT OBLIGATION THAT MUST BE PAID BEFORE PLAN IS CONFIRMED**</u>. [§ 1129(a)(14)]
Before the Plan can be confirmed, § 1129(a)(14) requires the Debtor to pay all domestic support obligations that became due after the bankruptcy case was filed.  Domestic support obligations are defined in § 101(14A).

☒ The Debtor did not have domestic support obligations that became due after the bankruptcy case was filed.
☐ The following domestic support obligation became due after the bankruptcy case filed:

| Claimant: | | | |
|---|---|---|---|
| **Statute, Judicial Order, or Administrative Order that Creates the Obligation** | **First Date After Petition Date that Obligation was Due** | **Total Due After Petition Date** | **Date Final Amt** ☐ was paid ☐ will be paid |
|  |  |  |  |

☐ **See Exhibit _____** for additional domestic support obligation(s) that must be paid before plan is confirmed.

**B.** <u>**ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**</u>. [§ 365]

1. ☒ There are no executory contracts or unexpired leases.

2. ☐ **Assumption**. The post-confirmation debtor will perform all related obligations whether arising before or after confirmation of the Plan.  Any arrearages arising before confirmation of the Plan will be paid by the first day of the month following the Effective Date unless the parties agree otherwise or the court finds that a longer payment schedule still provides the creditor with timely cure and adequate assurance of future performance.  Obligations that arise after confirmation of the Plan will be paid as they come due.

☐ **Already Assumed**:

| | **DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE** | **DATE: ORDER TO ASSUME** | **CURE AMOUNT:** Must be paid on Effective Date |
|---|---|---|---|
| (a) |  |  |  |
| (b) |  |  | $ |

☐ **To be Assumed on the Effective Date**.

| | **DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE** | **CURE AMOUNT:** Must be paid on Effective Date |
|---|---|---|
| (a) |  | $ |
| (b) |  | $ |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*     Page 12     **VZ CH11.IND.DISCLSR.PLAN**

3. ☐ **Rejection**. Claims arising from the rejection of an executory contract or unexpired lease are treated as general unsecured claims in CLASS #2, except to the extent the court orders otherwise. A claim arising from the rejection must be filed no later than 30 days after the date of the order confirming the Plan.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | |
|---|---|
| (a) | ☐ Rejected: ☐ Order Entered on: <br> ☐ Deemed Rejected on: <br> ☐ To be Rejected on the Effective Date |
| (b) | ☐ Rejected: ☐ Order Entered on: <br> ☐ Deemed Rejected on: <br> ☐ To be Rejected on the Effective Date |

☐ **See Exhibit** ____ for additional executory contracts and unexpired leases to be assumed or rejected.

.

C. **UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(A) and § 1129(a)(9)(C), UNLESS A CLAIMANT CONSENTS TO A DIFFERENT TREATMENT.** §§ 1129(a)(9)(A) and (C) require that certain claims be treated one at a time, rather than as a class. Even if another claimant votes to accept a lesser treatment, the claims listed below are not altered. The debtor must prove to the court that claims are either being treated as 1129(a)(9) requires, or that the claimant agreed to some other treatment.

1. **Administrative Expense Claims** - § 507(a)(2) and § 1129(a)(9)(A). These include: (1) court-approved claims of attorneys and other professionals; and (2) United States trustee fees under 28 U.S.C. chapter 123.

☐ The deadline to file administrative expensive claims is (*date*) _____.

☐ There are no administrative expense claims.
☒ All administrative expense claims ☐ have been filed and/or ☒ are anticipated to be filed, and the claims and amounts indicated below are the amounts requested or anticipated to be requested:[4]

| Claimant: HABERBUSH, LLP | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) <br> ☐ Actual <br> ☒ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Pymts** |
| $100,000 | 0% | $100,000 | ☐ Monthly <br> ☐ Quarterly | $ | $85,000 | One payment on Effective Date |

---

[4]      Debtor does not include any real estate brokers in this section because all such fees will be paid as a commission from the sales proceeds and is treated as a cost of sale.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**Claimant: PFS Global**

| Claim Amount (less paid to date) ☐ Actual ☒ Estimated | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Pymts |
| $0.000 | 0% | $0.00 | ☐ Monthly ☐ Quarterly | $ | $0.00 | One payment on Effective Date |

2. **Tax Claims -** § 507(a)(8) and § 1129(a)(9)(C). Must be paid in full within 5 years after the Petition Date.

☐ There are no tax claims      ☒ All tax claims have been filed or scheduled, and are indicated below:

**Claimant: Department of the Treasury, Internal Revenue Service**

| Claim Amount | Interest Rate (§ 511) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Pay-ment | Balloon Pymts | Term of Pymts |
| $150,485.16 | 0% | $150,485.16 | ☐ Monthly ☐ Quarterly | $ | $150,485.16 | One payment on Effective Date |

**Claimant: State of California, Franchise Tax Board**

| Claim Amount | Interest Rate (§ 511) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Pay-ment | Balloon Pymts | Term of Pymts |
| $28,924.63 | 0% | $28,924.63 | ☐ Monthly ☐ Quarterly | $ | $28,924.63 | One payment on Effective Date |

☐ **See Exhibit** ____ for additional unsecured claims (not listed in VII.C) on which voting is not allowed.

☐ **§ 507(a)(2)** – Administrative Expense Claims
☐ **§ 507(a)(8)** – Tax Claims
☐ **§ 507(a)(3)** – Involuntary Gap Claims Allowed Under § 502(f)

D. **UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(B) – CLASS #1.**
§ 1129(a)(9)(B) requires certain unsecured claims to be treated with priority over general unsecured claims, and pay them in full on the Effective Date or as soon as practicable after unless claimants vote as a class to accept deferred payments.  If so, claims are impaired and claimants are entitled to vote to accept or reject the Plan.

☒ There are no claims in CLASS #1.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

☐ **CLASS #1a**: § 507(a)(1) - Domestic Support Obligation Claims Due Before Bankruptcy Case Was Filed

**Claimant:**

| Claim Amount (less amount paid to date) | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Pymts** |
| $ | % | $ | ☐ Monthly<br>☐ Quarterly | $ | $ | months |

☐ **See Exhibit** _____ for additional unsecured claims (not listed above) in Class #1:

☐ **CLASS #1(a)**: § 507(a)(1) - Domestic Support Obligation Claims (*claims that are not listed above*)
☐ **CLASS #1(b)**: § 507(a)(4) - Wage and Commission Claims
☐ **CLASS #1(c)**: § 507(a)(5) – Employee Benefit Plan Contribution Claims
☐ **CLASS #1(d)**: § 507(a)(6) – Grain Producer and Fisherman Claims
☐ **CLASS #1(e)**: § 507(a)(7) – Consumer Deposit Claims

**E.   OTHER UNSECURED CLAIMS – CLASS #2.**

☐ There are no claims in **CLASS #2**.

☒ As of this date, all **CLASS #2** claims are included in Exhibit B.

1. ☐ **CLASS #2a**: Nominal Unsecured Claims. These include "nominal" claims of $_____ or less, and any larger unsecured claims whose claimant agreed to reduce its claim to this amount. Claimants are **not entitled to vote** to accept or reject the Plan.

   Claimants will be paid the nominal amount on the Effective Date, or as soon as practicable thereafter. Estimated total payments are $_____.

2. ☒ **CLASS #2b**: General unsecured claims. These are unsecured claims not included in **CLASS #2a**, and will be paid as follows. Claimants are **entitled to vote** to reject or accept the Plan.

   ☒ Percent Plan. Each claimant in CLASS #2b will be paid 100% of its claim on or before the Effective Date.

   a. Over _____ years in equal ☐ monthly ☐ quarterly installments, due on the first day of each calendar month/quarter;

   b. ☐ with interest at the rate of _____% per annum, or ☐ without interest; and.

   c. The amount each claimant receives depends on the total amount of allowed claims in this class.

   ☐ Pot Plan. Each member of CLASS #2b will be paid a pro rata share of a fund totaling $_____, created by the Debtor's payment:

   a. Pro rata means the entire fund amount divided by the total of all allowed claims in this class.

   b. Payment amount is $_____ per ☐ month ☐ quarter for a period of _____ months/quarters,

   c. Payments will begin on (*date*): _____

      ☐ Other: **See Exhibit** _____

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

F.  **CLAIMS SECURED BY DEBTOR'S PRINCIPAL RESIDENCE** ("Residence") **– CLASS #3** and **CLASS #4.**

| Address of Residence: 351 Spur Trail, Walnut, California |
| --- |

| Class #3 Collateral: Residence located at 351 Spur Trail, Walnut, California | | |
| --- | --- | --- |
| **Value:**<br>$1,150,000 | **Valuation Method** | ☒ Order on motion approving sale  ☐ Declaration: Certified appraiser<br>☐ Declaration: Debtor as owner  ☐ Other: |

**CLASS #3 - Unimpaired Claims**. Claimants **are not entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the Residence.  Treatment is: payment of claims through the sale of the residence.

☐ There are no claims in Class #3.

| ☒ CLASS #3a | Claimant: Shellpoint Mortgage Servicing |
| --- | --- |

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
| --- | --- | --- | --- | --- | --- |
| | First | Adjustable | Approximately $470,500 | $0 | Approximately $470,500 |

1.  ☒ **Payments to Claimant**

| a. ☐ Arrearages | Must be Paid by the Effective Date | Total Amount = $0 |
| --- | --- | --- |

| b. ☐<br>Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
| --- | --- | --- | --- | --- |
| | | Taxes | Insurance | |
| | $2795.56 | $574.47 | N/A | $3370.03 |

| c. ☒ Balloon Payment | Amount = $470,500 | Date of Payment: approximately 6-10-26 |
| --- | --- | --- |
| | | |

2.  ☒ **Sale by** (*date*)**:** 10-30-26    Proceeds: ☒ are likely to be sufficient to pay the secured claim<br>☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                        Page 16                            **VZ CH11.IND.DISCLSR.PLAN**

| ☒ **CLASS #3b** | **Claimant: Melendez** |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | Second | 0% | $1,200,000[5] | $0 | $1,200,000 |

1.  ☒ **Payments to Claimant**

| a. ☐ **Arrearages** | **Must be Paid by the Effective Date** | **Total Amount = $** |
|---|---|---|

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $ | $ | $ | $ |

| c. First Payment | Approximately $609,434.50 | Date of Payment: 6-10-26 |
|---|---|---|

2. ☒ **Sale by** (*date*)**:** 10-31-26      Proceeds: ☐ are likely to be sufficient to pay the secured claim
☒ are not sufficient to pay the secured claim, and any resulting claim in the estimated sum of $590,565.50 will be in CLASS #5b, #6b, and #7c until fully paid

☐ Other:

**CLASS #4 - Impaired Claims**.  Claimants are **entitled to vote** to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in collateral securing the debt.  Treatment is:

☒ There are no claims in CLASS #4.

| ☐ **CLASS #4a** | **Claimant:** |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | | % | $ | $ | $ |

1. ☐ **Payments to Claimant**

| a. ☐ **Arrearages** | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt each Pymt |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

---

[5]     Geoffrey Pascual reduced the total amount owed to Melendez under the settlement from $1,475,000 to $1,200,000 through two payments totaling $275,000.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $ | $ | $ | $ |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☐ Balloon Payment | Amount = $ | Date of Payment: |
|---|---|---|

2. ☐ **Sale by** (*date*):          .     Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☐ **Other**:

| ☐ **CLASS #4b** | Claimant: |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | | | $ | $ | $ |

1. ☐ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $ | $ | $ | $ |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

|  | $ | $ |
|---|---|---|

| **d.** ☐ **Balloon Payment** | **Amount = $** | **Date of Payment:** |
|---|---|---|

2. ☐ **Sale by** (*date*)**:** _____.   Proceeds:   ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☐ **Other**:

☐ **See Exh** \_\_\_\_ for additional secured claims on the Residence. Please label as Class #3c, 3d, 4c, 4d, etc.

## G. CLAIMS SECURED BY PROPERTY OTHER THAN RESIDENCE AND REAL PROPERTY – CLASSES #5, #6, #7 and #8.

**CLASS #5-8 - Unimpaired Claims**. Claimants **are not entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the property securing the claim.  Treatment is:

☐ There are no claims in CLASS #4-8

| ☒ | **Address of Real Property for Class #5: Real property located at 19244 Elberland, West Covina, California** | | | | |
|---|---|---|---|---|---|
| ☐ | **Description of Personal Property #5:** | | | | |
| ☐ | **Vehicle #5** | **Year:** | **Make:** | **Model:** | **VIN:** |
| | **Value:** $850,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser  ☒ Declaration: Debtor as owner  ☐ Other: | | |

| ☒ **CLASS #5a** | **Claimant:** Morgan Stanley Mortgage Loan Trust 2006-3AR, Mortgage Pass-Through Certificates, Series 2006-3AR, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee; also referred to as Shellpoint Mortgage Servicing and NewRez LLC d/b/a Shellpoint Mortgage Servicing |
|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | First | 6% | Approximately $272,187.75 | $0 | Approximately $272,187.75 |

1. ☒ **Payments to Claimant**

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016* · Page 19 · **VZ CH11.IND.DISCLSR.PLAN**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt each Pymt |
| | $0 | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☒ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | $2795.56 | | $574.47 | $3,370.03 |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☒ Balloon Payment | Amount = Approximately $272,187.75 | Date of Payment: 10-31-26 |
|---|---|---|
| | | |

2. ☒ **Sale by** (*date*)**:** 10-31-26    Proceeds: ☒ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

☐ **Other**:

| ☒ **CLASS #5b** | **Claimant:** Melendez |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | Second | 0% | $590,565.50 | $0 | $590,565.50 |

1. ☒ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                Page 20                                **VZ CH11.IND.DISCLSR.PLAN**

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $ | $ | $ | $ |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☒ Ballon Payment: Second Payment to be made after first payment on account of Class #5b claim | Amount = Approximately $500,000 | Date of Payment: 10-31-26 |
|---|---|---|

2.  ☒ **Sale by** (*date*):     Proceeds:  ☐ are likely to be sufficient to pay the secured claim
☒ are not sufficient to pay the secured claim, and any resulting claim (in the estimated sum of $90,565.50 will be paid from sale of debtor's interest cents and Gabriel Valley Children's Care, Inc. on or before October 31, 2026

3.  ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4.  ☐ **Other**:

| ☒ | **Address of Real Property for Class #6: Real property located at 617 South Sentous, West Covina, California** | | | |
|---|---|---|---|---|
| ☐ | **Description of Personal Property #6:** | | | |
| ☐ | **Vehicle #6** | **Year:** **Make:** | **Model:** | **VIN:** |
| | **Value:** $800,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser ☒ Declaration: Debtor as owner  ☐ Other: | |

| ☒ **CLASS #6a** | **Claimant:** U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS2; also referred to as PHH Mortgage Services |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | First | 3.65% | $345,780.42 | $0 | $345,780.42 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 21                    **VZ CH11.IND.DISCLSR.PLAN**

1. ☒ **Payments to Claimant**

| a. ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
| --- | --- | --- | --- | --- | --- |
| | | | **Frequency** | **Int. Rate** | **Amt each Pymt** |
| | $0 | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☒ **Ongoing Payments** | **Principal + Interest** | **Escrowed Amounts** | | **Amount Each Monthly Ongoing Payment** |
| --- | --- | --- | --- | --- |
| | $1381.81 | | $758.44 | $2,140.25[6] |

| c. ☒ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☒ **After Arrearages Cured** |
| --- | --- | --- |
| | $ | $2140.25 |

| d. ☐ **Balloon Payment** | **Estimated Amount = $290,287.31** | **Date of Payment: 2-1-36** |
| --- | --- | --- |
| | | |

2. ☐ **Sale by** (*date*)**:**  Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

☐ **Other**:

| ☒ **CLASS #6b** | **Claimant:** Melendez |
| --- | --- |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
| --- | --- | --- | --- | --- | --- |
| | Third | 0% | Approximately $90,565.50 | $0 | Approximately $90,565.50 |

---

[6]   Debtor will make the payments under the loan agreements between Debtor and the creditor without modification.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                    Page 22                                    **VZ CH11.IND.DISCLSR.PLAN**

1.  ☐ **Payments to Claimant**

| a. ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☐ **Ongoing Payments** | **Principal + Interest** | **Escrowed amounts** | | **Amount Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | $ | $0 | | $ |

| c. ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☒ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| | **Amount = $** | **Date of Payment:** |
|---|---|---|

2.  ☐ **Sale by** (*date*)**:**          Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim.

3.  ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4.  ☒ **Other**: The claim will be paid in full as part of CLASS #2b.

| ☒ | **Address of Real Property for Class #7: Real property located at 616 Wrede Way, West Covina, California** | | | | |
|---|---|---|---|---|---|
| ☐ | **Description of Personal Property #7:** | | | | |
| ☐ | **Vehicle #7** | **Year:** | **Make:** | **Model:** | **VIN:** |
| | **Value:** $1,600,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser ☒ Declaration: Debtor as owner  ☐ Other: | | |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| ☒ CLASS #7a | Claimant: Select Portfolio Servicing, Inc. |
|---|---|

| | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| Current Status of Loan | First | | Approximately $1,096,494.00 | $0 | Approximately $1,096,494.00 |

1. ☒ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt each Pymt |
| | $0 | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☒ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | $6,039.77 | | $ | $6039.77[7] |

| c. ☒ Total Monthly Payment: | ☐ Until Arrearages Cured | ☒ After Arrearages Cured |
|---|---|---|
| | $ | $6039.77 |

| d. ☐ Balloon Payment | Estimated Amount = $ | Date of Payment: |
|---|---|---|
| | | |

2. ☐ **Sale by** (*date*):        Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

☐ **Other**:

| ☒ CLASS #7b | Claimant: Select Portfolio Servicing, Inc. |
|---|---|

| | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| Current Status of Loan | Second | | Approximately | $0 | Approximately |

---

[7]    Debtor will make the payments under the loan agreements between Debtor and the creditor without modification.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                    Page 24                                    **VZ CH11.IND.DISCLSR.PLAN**

| | | | $182,163.00 | | $182,163.00 |
|---|---|---|---|---|---|

1.  ☒ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒ **Ongoing Payments** | **Principal + Interest** | **Escrowed amounts** | | **Amount Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | $1,550.60 | $0 | | $1,550.60[8] |

| **c.** ☒ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☒ **After Arrearages Cured** |
|---|---|---|
| | $ | $1,550.60 |

| | **Amount = $** | **Date of Payment:** |
|---|---|---|

2.  ☐ **Sale by** (*date*)**:**    Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim.

3.  ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4.  ☐ **Other**:

| ☒ **CLASS #7c** | **Claimant:** Melendez |
|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | Third | 0% | Approximately $90,565.50 | $0 | Approximately $90,565.50 |

1.  ☐ **Payments to Claimant**

---

[8]    Debtor will make the payments under the loan agreements between Debtor and the creditor without modification.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 25                    **VZ CH11.IND.DISCLSR.PLAN**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | $ | $0 | | $ |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☒ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| | Amount = $ | Date of Payment: |
|---|---|---|

2.  ☐ **Sale by** (*date*):          Proceeds:  ☐ are likely to be sufficient to pay the secured claim
                                                ☐ are not likely to be sufficient to pay the secured claim.

3.  ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4.  ☒ **Other**: The claim will be paid in full as part of CLASS #2b.

| ☒ **CLASS #8a** | **Claimant:** BMW Financial Services |
|---|---|

| ☐ | **Address of Real Property #8:** | | | | |
|---|---|---|---|---|---|
| ☐ | **Description of Personal Property #8:** | | | | |
| ☒ | **Vehicle #8** | **Year: 2024** | **Make:** BMW | **Model:** X3 | **VIN:** 5UX53DP08R9W97595 |
| | **Value:** $55,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser ☒ Declaration: Debtor as owner  ☐ Other: | | |

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | First | | Approximately | $0.00 | $22,798.00 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| | | | $22,798.00 | | |
|---|---|---|---|---|---|

1. ☒ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Must be Paid by the Effective Date** | **Total Amount = $0.00** |
|---|---|---|

| **b.** ☒ **Ongoing Payments** | **Principal + Interest** | **Escrowed amounts** | | **Amount Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $758.23 | $ | $ | $758.23[9] |

| **c.** ☐ **Balloon Payment** | **Amount = $** | **Date of Payment:** |
|---|---|---|

2. ☐ **Surrender:**   Method: ☐ Deed or certificate of title in lieu of foreclosure
   Date:                   ☐ Consent to relief from stay to allow foreclosure or repossession
   ☐ Effective Date        ☐ Grant deed
   ☐ Other:                ☐ Other:

**VIII.** **Unclaimed or Undeliverable Plan Distributions**. Payments or other distributions made under the Plan that are unclaimed or undeliverable for six (6) months after the attempted distribution will revest in the post-confirmation debtor free of restrictions.  Any entitlement to distribution will be barred.

**IX.** **Discharge**.  Upon completion of payments required by the Plan, or as provided in § 1141(d)(5)(B), the Debtor will receive a discharge of all debts that arose prior to confirmation of the Plan, whether or not a claimant filed a proof of claim or voted to accept the Plan.  This will not discharge Debtor from any debts that are non-dischargeable under § 523 or from obligations created by the Plan.  **To obtain a discharge, the Debtor must file and serve a motion for discharge, and the motion must be granted**.

**X.** **List of Exhibits and Declarations.**

**MANDATORY**

**Exhibit A:** Declaration of Debtor to support all assertions in this Disclosure Statement, and all information provided in all other Exhibits.

**Exhibit B**: List of all claims (*next to each claim, indicate whether or not the claim is disputed and scheduled or unscheduled, and include the class number*).

**Exhibit C**: List of all property of the estate, and valuations as of the date of plan confirmation.  Include appendices to describe valuation methods such as order to determine value, declaration of debtor or appraiser, etc.

**Exhibit D:** None (Debtor does not need to provide projected income, expenses, and plan payments prepared on (*date*) _____, including proposed plan payments to be made on the Effective Date and for each

---

[9]     Debtor will make the payments under the loan agreements between Debtor and the creditor without modification.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

month and/or quarter of the Plan Term. Sources and uses of funds and any expense fluctuations are explained).

**OPTIONAL**

**Exhibit E**: Declarations: ☐ Certified Appraisers
☐ Family Member (regarding ability to provide funding)
☐ Other:

## ADDITIONAL CLAIMS THAT ARE UNABLE TO BE IDENTIFIED IN SECTIONS VII.A – VII.G.

**Exhibit F**: Additional Claim(s), Section    ☐ VII.A   ☐ VII.B   ☐ VII.C   ☐ VII.D   ☐ VII.E   ☐ VII.F   ☐ VII.G

**Exhibit G**: Additional Claim(s), Section    ☐ VII.A   ☐ VII.B   ☐ VII.C   ☐ VII.D   ☐ VII.E   ☐ VII.F   ☐ VII.G

**Exhibit H**: Additional Claim(s), Section    ☐ VII.A   ☐ VII.B   ☐ VII.C   ☐ VII.D   ☐ VII.E   ☐ VII.F   ☐ VII.G

**Exhibit I**: Additional Claim(s), Section    ☐ VII.A   ☐ VII.B   ☐ VII.C   ☐ VII.D   ☐ VII.E   ☐ VII.F   ☐ VII.G

**Exhibit J**: Additional Claim(s), Section    ☐ VII.A   ☐ VII.B   ☐ VII.C   ☐ VII.D   ☐ VII.E   ☐ VII.F   ☐ VII.G

Date: June ⎯⎯,2026

Signature of Debtor

Evelyn Pascual
Printed name of Debtor

Date: June ⎯⎯, 2026

Signature of attorney for Debtor, if any

Vanessa M. Haberbush
Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                      Page 28                          **VZ CH11.IND.DISCLSR.PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled: **DISCLOSURE STATEMENT AND PLAN  OF REORGANIZATION OF DEBTOR  WHO IS AN INDIVIDUAL(S) WITH  PRIMARILY CONSUMER DEBTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 11, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph Boufadel**    jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **David R Haberbush**    dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Vanessa M Haberbush**    vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Garry A Masterson**    BnkEcf-CA@weltman.com, gmasterson@weltman.com
- **Linh Nguyen**    docs@collectco.org
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 11, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 11, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Vincent P. Zurzolo, JUDGE
United States Bankruptcy Court
255 E. Temple Street,
Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 11, 2026 | Alexander S. Bostic | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Steve Barnett
The Valley Business Broker
5344 Mark Ct.
Agoura Hills, CA 91301

Aaron Stocks
PFS Global
556 N. Diamond Bar Blvd #101
Diamond Bar, CA 91765

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.